UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMETHYST NICOLE WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-CV-464-TRM-DCP |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. On June 14, 2019, the Court entered an Order to Show Cause [Doc. 18] directing Plaintiff to show cause on or before June 28, 2019, for her failure to file a dispositive motion and brief in support as directed by the Court's July 16, 2018 Order [Doc. 16]. Plaintiff filed a Response on June 28, 2019, [Doc. 19] stating multiple reasons for why she had not filed her dispositive motion, including several deaths in her family. The Court then entered an Order [Doc. 20] on July 3, 2019, directing Plaintiff to file her dispositive motion and brief in support within thirty days. This deadline has passed without the filing of a dispositive motion. For the reasons stated herein, the undersigned will **RECOMMEND** that the District Court dismiss this action without prejudice.

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019, during the pendency of this case. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the Defendant in this case.

**I.   BACKGROUND**

On October 25, 2017, Plaintiff filed a Complaint [Doc. 1] against the Defendant due to a denial of Title XVI disability benefits.  After Plaintiff failed to perfect service within the ninety-day deadline, on March 22, 2018, the Court ordered Plaintiff to show cause on or before April 4, 2018, as to why her case should not be dismissed.  [Doc. 7].  After Plaintiff filed a Motion for an Extension of Time to File [Doc. 8], on April 11, 2018, the Court granted Plaintiff an additional forty-five days to effectuate proper service [Doc. 9].  Plaintiff then properly served the Defendant. [Doc. 11].

After the Commissioner filed his Answer [Doc. 12], the Court entered an Order [Doc. 16] on July 16, 2018, setting forth a briefing scheduling.  Specifically, Plaintiff was ordered to file a dispositive motion and a brief in support within forty-five (45) calendar days from the date of the Court's Order. The forty-five (45) day deadline expired on August 30, 2018, without any response from Plaintiff.  Based upon Plaintiff's failure to file a dipositive motion, the Court entered an Order to Show Cause [Doc. 18] on June 14, 2019.  The Court ordered Plaintiff to show cause on or before June 28, 2019, as to why the undersigned should not recommend to the District Court that this matter be dismissed without prejudice for her failure to prosecute.  [Doc. 18].  After Plaintiff responded [Doc. 19], the Court ordered Plaintiff to file her dispositive motion and brief in support by August 2, 2019 [Doc. 20].

Plaintiff subsequently filed a letter from Karen Moyers, A.P.N.-B.C. [Doc. 21], stating that Plaintiff is a part of the outpatient Program for Assertive Community Treatment at the Helen Ross McNabb Center, detailed Plaintiff's history of mental illness, and requested that Plaintiff's disability "should be backdated to May 2014 instead of May 2016."  [*Id.* at 3].

## II.     ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), courts have inherent power to dismiss an action due to a plaintiff's failure "to prosecute or to comply with these rules or a court order." *See Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.") (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629. Moreover, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999). This District's local rules admonish pro se plaintiffs that "[t]he failure . . . to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action." E.D.TN. LR 83.13.

District Courts consider the following four factors in determining whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.*

3

Case 3:17-cv-00464-TRM-DCP     Document 22     Filed 08/07/19     Page 3 of 5     PageID #: 1631

In the present matter, the Court finds that the record demonstrates delay and contumacious conduct. The Court has repeatedly directed and instructed Plaintiff of missed deadlines, first ordering Plaintiff to show cause regarding her failure to perfect service within the ninety-day deadline. After service was effectuated, and the Court entered a briefing schedule, Plaintiff failed to file her dispositive motion and brief in support. While Plaintiff responded [Doc. 19] to the Court's Order [Doc. 18] directing her to show cause as to why her case should not be dismissed for the failure to prosecute, she subsequently failed to file her dispositive motion, despite the Court warning her that "her failure to meet this extended deadline may result in the dismissal of her case pursuant to Federal Rule of Civil Procedure 41(b)." [Doc. 20 at 2].

The Court notes that Plaintiff responded to the Court's most recent orders [Docs. 19 & 21]. However, Plaintiff again failed to file a dispositive motion setting forth her claims, even as Plaintiff's dispositive motion was originally required to be filed by August 30, 2018. At this point, over eleven months have passed, and the Court is unable to ascertain the alleged errors committed by the Commissioner in the disability decision. Further, even liberally construing Plaintiff's response, the Court is unable to interpret it as a motion for summary judgment.[2]

Plaintiff has been given ample time to prosecute her case, as well as adequate notice that the failure to file a dispositive motion or comply with the Court's deadlines would result in this

---

[2] Plaintiff's most recent response, the attached letter of Ms. Moyers, states that Plaintiff "lost her disability when she was psychiatrically hospitalized" in 2014, but that she "was awarded disability again in November 2017 and was backdated to May 2016." [Doc. 21 at 2]. Similarly, Plaintiff previously stated that she was awarded disability again in November of 2016. [Doc. 4]. A review of the submitted transcript establishes that the Plaintiff was previously found disabled as of May 25, 2007, but that it was determined that she was no longer disabled as of July 31, 2012, due to her medical improvement. [Tr. 19]. Ultimately, Plaintiff does not state if she submitted a new application for disability benefits that was then approved, or challenge the ALJ's January 4, 2016 decision finding that Plaintiff's "disability ended on July 31, 2012, and [Plaintiff] has not been disabled again since that date." [Tr. 31]. As Plaintiff has repeatedly failed to set forth any allegations of error related to the ALJ's January 4, 2016 decision at issue in this case, the Court is unable to review her challenge of the denial of her disability benefits.

4

Court recommending that her case be dismissed. Given Plaintiff's pattern of failing to meet deadlines imposed by the Court, the Court finds that the only appropriate sanction is dismissal.[3] *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (holding that "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay") (citation omitted).

### III. CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS**[4] that the Plaintiff's Complaint [**Doc. 1**] be **DISMISSED** without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[3] Moreover, the Court notes that Plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). Without a dispositive motion setting forth the alleged errors the Commissioner has committed in denying her application for benefits, with citation to the record to support factual allegations [Doc. 16], the Court cannot undertake a meaningful review of the decision on appeal.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).